UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANNY JO BARBER, III,

               Plaintiff,

   v.

KITSAP COUNTY, et al.,

               Defendants.

Case No. 3:26-cv-05176-KKE-TLF

REPORT AND
RECOMMENDATION

Noted for ___May 26, 2026___

Plaintiff, who is currently incarcerated at Kitsap County Jail, filed a proposed 42 U.S.C. § 1983 complaint and an application to proceed in forma pauperis (IFP). Dkt. 5. The Court finds plaintiff has incurred at least three "strikes" under 28 U.S.C. § 1915(g) and has failed to show he is under imminent danger of serious physical injury. Accordingly, the Court recommends that plaintiff's application to proceed IFP (Dkt. 5) be denied, and that plaintiff be directed to pay the filing fee within thirty days of the order adopting this Report and Recommendation. The Court further recommends that this matter be dismissed without prejudice if plaintiff fails to pay the filing fee.

BACKGROUND

Plaintiff filed a proposed complaint naming Kitsap County and T. Rupp as defendants. *See* Dkt. 5-1. He alleges defendants violated his "right to represent [himself] pro se" "denial of legal paperwork due to 'Federal Conspiracy Claim.'" *Id.*

REPORT AND RECOMMENDATION - 1

Plaintiff alleges he was improperly denied this paperwork because he was not a federal detainee. *See id.*

DISCUSSION

Pursuant to the Prison Litigation Reform Act (PLRA), "prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule[.]" *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007). The "three-strikes rule" of the PLRA states: "In no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Court's records show at least four of plaintiff's prior lawsuits, which were filed while plaintiff was incarcerated, were dismissed for failure to state a claim upon which relief may be granted, and the dismissals were deemed "strikes" under Section 1915(g): *Barber v. Bremerton Police Department*, C24-5618-BHS-DWC, Dkts. 9-10; *Barber v. Thimons*, C24-5723-TMC-DWC, Dkts. 5-6; *Barber v. Bremerton Police Department*, C24-5725-RAJ-MLP, Dkts. 8 & 10; *Barber v. Walker*, C24-5861-RAJ-MLP, Dkts. 9 & 11. Thus, plaintiff has incurred at least three strikes pursuant to Section 1915(g).

Accordingly, plaintiff is barred from proceeding IFP unless he shows he was "under imminent danger of serious physical injury" at the time he signed his civil rights complaint. *See* 28 U.S.C. § 1915(g); *Andrews*, 493 F.3d at 1053 ("[I]t is the

REPORT AND RECOMMENDATION - 2

circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g).").

Plaintiff does not make this showing. Imminent danger of serious physical injury is not alleged in the facts to support claims in the proposed complaint. The proposed complaint raises claims related to an alleged denial by officials of legal paperwork for him to pursue legal actions, including a federal conspiracy claim. *See id.*

Accordingly, plaintiff is barred from file this lawsuit in federal court without paying $405.00 ($350.00 filing fee plus $55.00 administrative fee). *See* 28 U.S.C. § 1915(g).  //

### CONCLUSION

The Court recommends plaintiff's IFP application (Dkt. 5) be DENIED based on the three-strikes rule under 28 U.S.C. § 1915(g). The Court further recommends plaintiff be required, within thirty (30) days of issuance of the order adopting this Report and Recommendation, to pay the $405.00 filing fee in order to proceed with his complaint, and that this case be dismissed without prejudice if he fails to do so. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations

REPORT AND RECOMMENDATION - 3

omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **May 26, 2026**, as noted in the caption.

Dated this 11th day of May, 2026.

*Theresa L. Fricke*
_____
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4